**RAILWAY LABOR EXECUTIVES'
ASSOCIATION, Plaintiff,**

v.

**BOSTON AND MAINE CORPORATION,
Delaware & Hudson Railway Company,
Maine Central Railroad, and Portland
Terminal Company, Defendants.**

Civ. No. 86–0122 P.

United States District Court,
D. Maine.

Oct. 23, 1987.

Craig J. Rancourt, Biddeford, Me., John O'B. Clarke, Washington, D.C., for plaintiff.

Charles S. Einsiedler, Jr., Portland, Me., Ralph J. Moore, Jr., Washington, D.C., for defendants.

**MEMORANDUM OF DECISION AND
ORDER ON PLAINTIFF'S MOTION
FOR AN ORDER TO SHOW CAUSE**

GENE CARTER, District Judge.

This motion represents one more attempt by the Plaintiff unions to hold the Maine Central both to its obligations under the Railway Labor Act (RLA) and to its preexisting collective bargaining agreements in light of orders by the Interstate Commerce Commission (ICC) approving Boston and Maine's lease of certain portions of track and exempting the leases from regulation under 49 U.S.C. § 10505. In related motions in another case (*Railway Labor Executives' Association v. Guilford Transportation Industries*, 667 F.Supp. 29 (D.Me. 1987), Plaintiff sought injunctive relief against the ICC-approved leases,[1] arguing that the implementation of them violated a 1982 ICC order and that the railroads had violated the RLA by making operational changes in implementation of the leases. By order of July 27, 1987, this Court granted Defendants' motion to dismiss the complaint in 667 F.Supp. 29, holding that such a result was compelled by *Brotherhood of Locomotive Engineers v. Boston and Maine Corporation*, 788 F.2d 794 (1st Cir.1986). In that case, the Court of Appeals stated that "the ICC has the power to approve a transaction and exempt its participants from legal obstacles that would impede its function." *Id.* at 800. The *Brotherhood of Locomotive Engineers* case dealt specifically with exemption from regulation under the RLA. Thus, as this Court noted in 667 F.Supp. 29, the railroads finally achieved through the auspices of the ICC that which they could not achieve under the RLA in this Court.

The instant motion seeks an order directing Maine Central Railroad, David Fink, and the Springfield Terminal Company to show cause why they should not be held in

---

**1.** "Plaintiff alleges that the present pattern of intracorporate leases is just yet another step in Defendants' 'systematic and deliberate plan to effect without bargaining the changes in rules and working conditions' which Defendants have heretofore failed to accomplish within the statutory requirements of the Railway Labor Act." *Railway Labor Executives' Association v. Guilford Transportation Industries*, at 30 (quoting the Complaint).

contempt of court for willfully violating this Court's order of July 11, 1986. That order directed Maine Central, and those acting in concert with it, to desist from violation of the collective bargaining agreements and to maintain their agreements pursuant to section 2, First of the RLA. The violations of the Court order asserted by Plaintiff are the same operational changes adopted in implementation of the leases which Plaintiff alleged as violations of the RLA in 667 F.Supp. 29 because they contravened existing collective bargaining agreements and were not the product of the RLA-mandated negotiating processes.

As noted above, the Court found in 667 F.Supp. 29 that it was "without jurisdiction to consider claims ordinarily cognizable by this Court under the RLA where the alleged claims arise directly out of a lease transaction granted a statutory exemption by the ICC under the controlling statute." *Railway Labor Executives' Association v. Guilford Transportation Industries*, at 35. The motion to show cause brought here is not precisely described as a suit brought under the RLA. Effectively, it is the same thing, however, for, as examination of the previous injunction demonstrates, that order was designed to compel Defendants to live up to their obligations under the RLA. In the context of operational changes made in furtherance of ICC-approved lease transactions, the Order is, like the RLA, a legal obstacle that might impede the transaction. *See Brotherhood of Locomotive Engineers*, 788 F.2d at 800. Thus, although this Court clearly has the jurisdiction to enforce its order in a contempt proceeding, to do so would be contradictory to the broader teaching of *Brotherhood of Locomotive Engineers v. Boston and Maine Corporation* and to this Court's own ruling in 667 F.Supp. 29. The RLA questions at issue here have been or will be addressed by the ICC. 667 F.Supp. 29.

Accordingly, this Court will decline to exercise its jurisdiction to hear the instant motion and the motion is hereby DISMISSED.

So ORDERED.